[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15556
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2010
JOHN LEY
CLERK

D.C. Docket No. 06-00044-CV-WLS-4

TRANSCONTINENTAL INSURANCE COMPANY,
CONTINENTAL CASUALTY COMPANY,
TRANSPORTATION INSURANCE COMPANY,

Plaintiffs-Counter-
Defendant-Appellee,

versus

R. LARRY PHILLIPS CONSTRUCTION COMPANY, INC.,

Defendant-Counter-
Claimant-Appellant,

KMAR INVESTMENTS, LLLP,
RIVERTOWN FORD, INC., et al.,

Defendant-Counter-Claimant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 26, 2010)

Before BLACK, PRYOR, and COX, Circuit Judges.

PER CURIAM:

Transcontinental Insurance Company, Continental Casualty Company, and Transportation Insurance Company (the "Insurers") sought a declaratory judgment that they had no obligation to indemnify or provide a defense to R. Larry Phillips Construction Company, Inc. in connection with two lawsuits filed by George C. Woodruff, Jr. against Phillips: one in 2004 and one in 2005. The Insurers and Phillips filed cross-motions for summary judgment. The district court granted the Insurers' motion and denied Phillips' motion. Phillips appeals.

Phillips contracted with Woodruff to act as the general contractor in constructing the Lakes III Apartments for Woodruff, which consisted of five apartment buildings. After the completion of one of the buildings, Phillips learned of a crack in the slab. Because of the crack and other problems associated with the construction of Lakes III, Woodruff sued Phillips in 2004 in the state court of Muscogee County, Georgia, alleging "that the footings, walls, floors and other structures at the Lakes III complex have failed." (R.12-126 at 13.) In 2005, Woodruff filed a second lawsuit in the state court of Muscogee County, alleging that Phillips "breached its contract and negligently constructed screened porches at Lakes

III without proper flashing or other water protection, which caused water to leak into buildings, resulting in rot and other damage." (*Id.* at 16-17.)

In the district court declaratory action brought by the Insurers, Phillips asserted that the Insurers had a duty to provide it with a defense and/or to indemnify it in the Woodruff lawsuits. The Insurers responded with four reasons why coverage was excluded by the insurance contracts. The district court agreed with the Insurers first reason in support of summary judgment: that "no 'property damage' had been caused by an 'occurrence.'" (R.12-126 at 26.)

In addition, Phillips argued that the Insurers waived their right to seek the declaratory action, because the Insurers' Reservation of Rights letters regarding the two lawsuits were ineffective. In response, the Insurers argued that their Reservation of Rights letters were indeed adequate to preserve their rights. The district court agreed with the Insurers. Regarding the 2004 lawsuit, the court found that "the November 7, 2001 Reservation of Rights letter [was] applicable to the 2004 Lawsuit, and further finds that the Plaintiffs are not estopped from seeking a declaratory judgment regarding coverage of the 2004 Lawsuit." (R.12-126 at 24.) With respect to the 2005 lawsuit, the district court found that the Insurers "sufficiently reserved their rights . . . [and] are not estopped from seeking a declaratory judgment regarding coverage of the 2005 lawsuit." (R.12-126 at 26.)

3

On appeal, Phillips argues that the district court erred by holding that the damage at issue was not covered by the policy. Phillips also contends that the Insurers' Reservation of Rights letters regarding the two lawsuits were ineffective, and therefore estop the Insurers from denying coverage or seeking declaratory judgment.

We conclude that the district court properly granted the Insurers summary judgment and properly denied Phillips summary judgment for the reasons stated in the court's well-reasoned opinion. (R.12-126.)

**AFFIRMED.**